## IN THE
## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MARTIN L. MCCLAIN,<br>    Defendant. | Case No. 1:23-cr-10006-JEH |

### Order

Now before the Court is a letter from the Defendant, Martin McClain, to his sentencing judge, Judge Joe B. McDade, which the Clerk's office docketed as a motion to alter judgment. (D. 31)[1] For the reasons stated, *infra*, the Court informs McClain that it will construe his letter as a petition filed under 28 U.S.C. § 2255, as it is the only possible means through which he could obtain relief based on the facts he set forth in his letter.  Pursuant to *Henderson v. United States*, 264 F.3d 709 (7th Cir. 2001), the Court gives McClain until May 8, 2025, to either withdraw his letter, which the Clerk's office incorrectly docketed as a motion to alter judgment, or have the Court construe it as a § 2255 petition and rule on it as such. A failure on McClain's part to indicate to this Court on or before May 8, 2025, that he would either like to withdraw his letter or have this Court construe it as a § 2255 petition will be deemed by the Court as a request to withdraw the letter.

### I

On April 21, 2023, McLain entered a guilty plea to Counts 1 through 4 of the Indictment, which included charges of distributing and possessing with intent to

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

1

distribute fentanyl. The Court accepted his plea and eventually sentenced McLain to 54 months' imprisonment, followed by four years of supervised release.

On February 20, 2024, the Court received a letter from McLain, addressed to Judge McDade. Rather than docket this document as a letter, which it is, the Clerk's office docketed it as a "motion." The entirety of McClain's letter reads verbatim as follows:

Your Honor,

I am writing you on behalf that I was sentenced on November 17, 2023. You had to stop court and told the prosecutor to look up a code to one of my charges, and after he looked it up you told him that wasn't the correct code for that charge. You told him to correct it which he never did. That wrong code is stopping me from earning my FSA credits, which is 10 to 15 days off each month for programming. I'm asking you can please have that fixed. I called my old public defender and he said its nothing he can do. (Karl Bryning)

Here are the codes I'm not sure which one it is that's wrong.
841(A)(1) and 841(B)(1)(C) and 841 (B)(2)(B).

Thank you
Martin McClain

(D. 31).

In response to this letter, Judge McDade appointed the Federal Public Defender and ordered him to provide the Court with a "Report and Recommendation". (Text Order of 2/22/24). Thereafter, this case was reassigned to the undersigned, who vacated the Order requiring a "Report and Recommendation",[2] and instead ordered the Federal Public Defender to file a status report or an amended motion. (Text Order of 3/06/2024).

---

[2] Federal Public Defenders do not make "Reports and Recommendations," Magistrate Judges do. *See generally* 28 U.S.C. § 636

On April 7, 2025, counsel filed a status report, indicating that he did not intend to file an amended motion because he could not identify any non-frivolous issues to raise. Specifically, counsel stated that on March 4, 2024, he and McLain discussed the motion, which, according to counsel, was based on McLain's misunderstanding of the proceedings. Counsel ordered and reviewed the sentencing hearing transcripts from November 17, 2023, and discussed them with McLain, who declined a copy of the transcript. According to counsel, McLain's letter of February 20, 2025, raises issues previously discussed with counsel and addressed in the transcripts. In his letter, McLain claims that during the proceedings, there was a discrepancy regarding the Code section for one of his charges, which was not corrected. However, counsel notes that Count 4 of the Indictment charged McLain with possession with intent to distribute fentanyl, to which he pleaded guilty as part of a plea agreement. The judgment filed on November 17, 2023, confirmed his conviction under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Counsel concludes that he has not identified any non-frivolous issues to raise in McLain's case and has discussed all this with McLain.

## II

### A

Once judgment enters in a criminal case, a court may not alter the judgement except under a set of narrowly defined circumstances defined by rule or statute. As far as rules go and relevant here, Federal Rule of Criminal Procedure 35 allows a court to correct "an arithmetical, technical, or other clear error" within fourteen days of the judgment being entered. FED. R. CRIM. P. 35(a). Rule 36 also allows a court to correct a clerical error and an error in the record arising from oversight or omission at any time after judgment is entered. FED. R. CRIM. P. 36. Title 18 U.S.C. § 3582 is the statute governing alteration by a district court of a previously imposed sentence. This statute prohibits modification of a previously imposed term of

3

imprisonment except for "extraordinary and compelling reasons" (commonly called "compassionate release") as narrowly defined by the Sentencing Commission and where a defendant's sentencing range was subsequently lowered by a retroactive change to the Sentencing Guidelines. 18 U.S.C. § 3582(c). Of course, a court of appeals may alter a judgment, or allow a district court to do so, after deciding an appeal from a criminal conviction or sentence. *See* 18 U.S.C. § 3742. Finally, by statute, a Court may also modify a judgment on collateral review pursuant to 28 U.S.C. § 2255 if the sentence is found to be unconstitutional, illegal, or otherwise subject to collateral attack. 28 U.S.C. § 2255.

**B**

Here, McClain seems to be asserting either that he was convicted under an incorrect section of the Code or that there was a clerical error in his judgment concerning the Code section. Regarding the latter, as counsel correctly notes, McClain's Indictment, plea, and judgment all reference the same section of the Code, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Accordingly, there is no clerical error in the judgment which Rules 35 or 36 would allow the Court to correct. Nor does McClain assert anything that could fall under § 3582(c), and he did not appeal his judgment originally.

Therefore, by process of elimination, the only possible avenue of relief in his criminal case related to the claim in his letter is § 2255. As the court in *Henderson* notes, "a postconviction motion that is functionally, substantively, a motion under section 2255 (the federal prisoner's habeas corpus substitute) should be treated as such, even if labeled differently…". *Henderson*, 264 F.3d at 710. However, before treating a post-conviction request for relief as a § 2255 petition, a court must give a defendant a chance to withdraw it. *Id.*

There are good reasons for giving defendants an opportunity to withdraw a request which a court will construe as a § 2255 petition. Inmates write all manner

of letters to the court, most of which do not seek relief which a court can grant post-judgment. *See*, *supra*, Section II.A. When such inmate correspondence doesn't seek relief that falls within the Federal Rules of Criminal Procedure or § 3582(c), § 2255 is the only option left.

However, there are consequences to having a court construe a letter to the court as a § 2255 petition. Should the court deny the petition, any subsequent requests to the court which are either substantively or deemed to be a § 2255 petition will require permission from the Court of Appeals prior to filing, but such permission is only granted if the motion contains either newly discovered evidence that would establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty, or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Criminal defendants may want to think twice before using their one chance to file a § 2255 petition on an obviously doomed request to the court, the denial of which will forever subject them to the high bar in § 2255(h) for future requests for relief not based in another rule or statute.

Here, McClain's letter is very vague and, based upon a review of the docket, does not present anything to suggest that there is something wrong with his conviction or judgment. Indeed, he pleaded guilty pursuant to a plea agreement which correctly references the Indictment, and the judgment reflects a plea to those same charges. He has also now had the benefit of a review of his case by free, court-appointed counsel, who also concludes that there is nothing wrong with his case. Moreover, even if there was something wrong, given that he did not file a notice of appeal after judgment was entered, he would need to overcome hurdles like procedural default, or cause and prejudice, for failing to raise his issues on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998). In other words, the likelihood is high that if McClain elects to proceed with, rather than withdraw, his

letter, his request, which will be deemed to be a § 2255 petition, will be denied, and any future § 2255 petitions will be second or successive, subject to § 2255(h).

### III

For the reasons stated, *supra*, McClain must inform the Court on or before May 8, 2025, whether he wishes to withdraw his letter or have it deemed to be a § 2255 petition. Failure to file a respond on or before May 8, 2025, to this Order shall be deemed a withdrawal of the letter.

In light of appointed counsel's representations made in the status report, counsel is discharged from further representation in this matter, and McClain shall proceed *pro se*.

Finally, the Clerk of the Court is directed to change the Docket to reflect that Docket Number 31 is a "Letter," rather than a pending "motion." Should McClain indicate on or before May 8, 2025, that he wishes to proceed with his letter being deemed by the Court a § 2255 petition, then the Clerk of the Court shall open a new civil case reflecting the filing of a § 2255 petition.

*It is so ordered.*

Entered on April 8, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE